**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JESSIE MACWILLIAMS, #922040,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **SA-23-CV-00219-JKP** |
| **SAN ANTONIO POLICE DEP'T; ET AL.,** | § | |
| **Defendants.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants, San Antonio Police Department, Desiree Rodriguez, and Andre Taylor's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(c) and/or Motion for Summary Judgment.[1] ECF No. 83. After due consideration of the briefing, the record evidence, and the applicable law, the Court **GRANTS** the Motion and **DISMISSES** this case. Final judgment will be entered by separate order.

## I. BACKGROUND

This case involves a homicide near an LA Fitness gym in San Antonio, Texas. ECF Nos. 23 at 4; 83-1 at 2. Plaintiff Jessie Macwilliams, proceeding *pro se*, was captured on video disposing of a gun near the scene and fleeing. ECF Nos. 83-3, 83-4. Macwilliams was arrested, charged, and ultimately found not guilty by reason of insanity for the homicide. ECF Nos. 23 at 9; 83-1 at 4; 83-5 at 2. Although Macwilliams' allegations are difficult to understand, he generally appears to allege that he was framed for the homicide by a police officer who placed the gun in his hand and forced him into the LA Fitness. ECF No. 23.

[1] The Court will evaluate Defendants' Motion under a summary judgment standard because they include video footage and photos as summary judgment evidence. ECF Nos. 83-2, 83-3, 83-4.

Defendants Andre Taylor and Desiree Rodriguez are the police officers who responded to the scene of the crime and arrested Macwilliams. ECF No. 83-1 at 4. Upon arriving and encountering Macwilliams, Defendants Taylor and Rodriguez ordered him to get down on the ground and then placed him in handcuffs. *Id.* Defendants transported Macwilliams to police headquarters. *Id.*

Macwilliams brought this action on February 21, 2023. ECF No. 1. This Court initially dismissed this case for failure to prosecute (ECF Nos. 13, 14) but reopened it after Macwilliams filed his Amended Complaint (ECF No. 23). The Court construed Macwilliams's Amended Complaint as bringing claims against Defendants San Antonio Police Department ("SAPD"), Taylor, and Rodriguez. ECF No. 55 at 2. Defendants filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(c) and/or Motion for Summary Judgment (ECF No. 83) to which Macwilliams did not file a response.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), courts "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "As to materiality, the substantive law will identify which facts are material" and a fact is material only if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," a dispute over a material fact qualifies as "genuine" within the meaning of Rule 56. *Id.* Because there must be a genuine dispute of material fact, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247–48. There is no genuine dispute for trial when "the record taken as a whole could not lead a rational trier of fact to

find for the nonmoving party." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)).

In determining whether to grant summary judgment, courts view all facts and reasonable inferences drawn from the record "in the light most favorable to the party opposing the motion." *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 234 (5th Cir. 2016). "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Id.* Furthermore, the courts have "no duty to search the record for material fact issues." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010); *accord Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012).

In appropriate circumstances, factual allegations arising out of events captured on video may be viewed "in the light depicted by the videotape." *Scott*, 550 U.S. at 381. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.* at 380.

A court may not grant summary judgment by default should the nonmovant fail to respond. *Macias v. Bexar County*, No. SA-21-CV-193-JKP, 2024 WL 1161729, at *3 (W.D. Tex. Mar. 18, 2024); *Eversley v. MBank of Dall.*, 843 F.2d 172, 174 (5th Cir. 1988). In this event, the Court must still review the summary judgment motion to determine whether the movant satisfied its summary judgment burden and thereby shifted the burden. *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017).

## III. ANALYSIS

Although Macwilliams's Amended Complaint is difficult to decipher, he generally appears to allege that a police officer framed him by forcing a gun into his hand. ECF No. 23 at 5–7. The

Court construes these allegations as bringing a fabrication of evidence claim through Section 1983. The Fifth Circuit has recognized "a substantive due process right 'not to have police deliberately fabricate evidence and use it to frame and bring false charges against a person.' " *Traylor v. Yorka*, No. 22-10783, 2024 WL 209444, at *4 (5th Cir. Jan. 19, 2024) (quoting *Cole v. Carson*, 802 F.3d 752, 771 (5th Cir. 2015)). Defendants are entitled to summary judgment on this claim.

**A. Defendant SAPD**

Macwilliams cannot sue SAPD because it is a non-jural entity. Federal district courts across Texas have repeatedly and consistently held that municipal police departments are non-jural entities that lack the capacity to be sued. *Villarreal v. Willacy Cnty. Sheriff's Dep't*, No. 1:24-CV-57, 2024 WL 3873751, at *4 (S.D. Tex. July 19, 2024) (collecting cases), *R. & R. adopted*, 2024 WL 3871759 (S.D. Tex. Aug. 19, 2024); *Shah v. Maple Energy Holdings, LLC*, No. PE-25-CV-47-DC-DF, 2026 WL 1631627, at *2 (W.D. Tex. Apr. 28, 2026), *R. & R. adopted*, 2026 WL 2123134 (W.D. Tex. July 23, 2026). Thus, SAPD is entitled to summary judgment.

**B. Defendants Taylor & Rodriguez**

Defendants Taylor and Rodriguez are likewise entitled to summary judgment. The elements of Macwilliams's fabrication of evidence claim are: (1) the defendant fabricated evidence, (2) for the purpose of falsely obtaining a charge, and (3) the evidence influenced the decision to charge the plaintiff. *Sandoval v. Bexar County*, No. SA-23-CV-609-XR, 2025 WL 5238636, at *3 (W.D. Tex. Jan. 22, 2025) (citing *Brown v. Morgan*, No. 5:20-CV-215-BQ, 2022 WL 22329966, at *8 (N.D. Tex. Dec. 30, 2022)). Taylor and Rodriguez have met their burden of showing that there is no dispute of fact over whether they fabricated evidence.

Here, the summary judgment evidence shows that there is no dispute of fact as to whether Taylor and Rodriguez fabricated evidence. Defendants provided body camera footage as well as

an outdoor surveillance video of Macwilliams' arrest. ECF Nos. 83-2, 83-3, 83-4. The videos clearly show that Macwilliams did not have a gun when Taylor and Rodriguez arrived on the scene and that at no point did either Defendant place one in his hands. ECF No. 83-3 at 0:54. To the extent Macwilliams is alleging that Taylor and Rodriguez gave him a gun before this encounter, he does not provide any competent evidence to support this allegation. Thus, Defendants are entitled to summary judgment.

## IV. CONCLUSION

For the reasons stated, the Court **GRANTS** Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(c) and/or Motion for Summary Judgment (ECF No. 83) and **DISMISSES** this case with prejudice. Final judgment will be entered by separate order.

**SIGNED** on this 9th day of October 2026.

Jason Pulliam

JASON K. PULLIAM
UNITED STATES DISTRICT JUDGE